Original Proceeding — Florida Rules of Probate and Guardianship Procedures.
PER CURIAM.
The 1989 legislature enacted a comprehensive revision to the Florida guardianship law which is scheduled to become effective October 1, 1989. Ch. 89-96, Laws of Fla. As a consequence, it is necessary that Part III of the Florida Probate Rules, which pertains exclusively to guardianship, be substantially amended. The Court would ordinarily amend these rules only after receiving the recommendations of the Florida Probate Rules Committee and the comments of any interested parties. However, in view of the shortness of time, the Florida Probate Rules Committee was asked for a recommendation as to whether this Court in the exercise of its rulemaking authority should adopt on a temporary emergency basis as rules of procedure all of the procedural aspects of the new Florida guardianship law.
Upon consideration, the Florida Probate Rules Committee has now recommended that the Court not enter a blanket order adopting all the procedural aspects of the new law on an emergency basis but rather that the committee should proceed in an orderly course to draft proposed rules designed to implement the substantive matters contained in the new legislation. As a basis for its recommendation, the committee stated:
The great majority of the Committee felt that the difficulties and uncertainties as well as inconsistencies which the various sub-committees found and were reported were such that for the Court to become involved by adopting them at this stage would probably create more problems than it would solve.
There are problems with the statute which are being addressed by various bar committees at this time which sho'uld result in corrective action by the 1990 regular session of the Legislature. In the meantime the Rules Committee will continue with the work of drafting proposed rules which would, insofar as possible, supply an appropriate procedural basis for implementation of the substantive statutory changes.
In the meantime, the Chief Justice of this Court appointed an ad hoc committee composed of knowledgeable judges and lawyers, including members of the State Courts Administrator’s Office, to recommend temporary rules of procedure which would implement the new guardianship law. The ad hoc committee[1] has now made its recommendations for the amendment of the rules.
Upon consideration, the Court has determined to follow the advice of the Florida Probate Rules Committee to refrain from entering a blanket order adopting as rules of procedure all of the procedural aspects of the new Florida guardianship law. At the same time, the Court has determined to adopt the recommendations of the ad hoc committee as temporary emergency rules. These rules, which are hereinafter set forth, shall take the place of the existing rules under Part III[2] and shall become effective on October 1, 1989. Most of these rules substantially track certain procedural portions of the new guardianship law. However, the Court wishes to point *453 out that rules 5.550(c), 5.590,[3] and 5.800 contain material not specifically enumerated within the new law but which was deemed necessary to implement it. The committee notes are included for explanation and guidance only and are not adopted as an official part of the rules.
The Florida Probate Rules Committee is requested as a matter of priority to make recommendations to this Court concerning the adoption of permanent rules of procedure to implement the new guardianship law.
It is so ordered.
EHRLICH, CJ.,- and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
RULE 5.015 GENERAL DEFINITIONS
(b) Specific definitions. When used in these rules ...
(2)“formal notice” means notice under FPR 5.040(a) except as provided in FPR 5.550(c);
RULE 5.550 PETITION TO DETERMINE INCAPACITY
(a) Contents. The petition to determine incapacity shall be verified by the petitioner, who must be an adult resident of this state, and shall:
(1) state the name, age, and present address of the petitioner and the petitioner’s relationship to the alleged incapacitated person;
(2) state the name, age, county of residence, and present address of the alleged incapacitated person;
(3) allege that the petitioner believes the alleged incapacitated person to be incapacitated and specify the facts on which such belief is made and the names and addresses of all persons known to the petitioner who have knowledge of such facts through personal observation;
(4) state which of the rights enumerated in F.S. 744.3215 the alleged incapacitated person is incapable of exercising; and
(5)state whether plenary or limited guardianship is sought for the alleged incapacitated person.
(b) Petition for appointment of guardian. The petition to determine 'incapacity must be accompanied by a petition for appointment of a guardian and may be accompanied by a petition for appointment of an emergency temporary guardian.
(c) Notice.
(1) Contents of notice. Notice of the filing of a petition to determine incapacity must state the time and place of the hearing to inquire into the capacity of the alleged incapacitated person to exercise the rights enumerated in the petition, that an attorney will be appointed to represent him, and that if he is determined to be incapable of exercising certain rights, a guardian will be appointed to exercise those rights on his behalf.
(2) Formal notice. Formal notice for purposes of this rule means personal service by an elisor appointed by the court, who may be the court appointed counsel for the alleged incapacitated person. The notice must be read to the alleged incapacitated person. A return of service shall be filed by the person serving certifying that the notice and petition have been served and read to the alleged incapacitated person. No responsive pleading is required and no default may be entered for failure to file a responsive pleading. The allegations of the petition are deemed denied.
(3) Informal notice. Informal notice as defined in FPR 5.040(b) must also be given to counsel for the alleged incapacitated person, and upon all next of kin, wherever they are. The petition to determine incapacity must be served with the notice.
Committee Note
The committee realized that formal notice as defined in Rule 5.040(a)(1) requires the recipient of notice to file a responsive pleading within twenty days after the service of the notice. The committee believed that to impose such a requirement on the alleged incapacitated person would contra *454 vene the legislative intent of the 1989 revisions to Chapter 744. The committee observed that the time required for appointment of mandatory appointed counsel might render a'responsive pleading within twenty days impossible for the alleged incapacitated person. The committee concluded that, procedurally, notice upon the alleged incapacitated person should occur in the same manner as formal notice in Rule 5.040, but the required response under that rule should not be imposed upon the alleged incapacitated person.
RULE 5.560 PETITION FOR APPOINTMENT OF GUARDIAN; NOTICE
(a) Contents. The petition for appointment of guardian shall be verified by the petitioner and shall:
(1) allege facts to establish venue;
(2) state the petitioner’s residence and post office address;
(3) state the name, age, social security number, and residence and post office address of the alleged incapacitated person;
(4) allege the nature of the incapacity and state the extent of guardianship, either limited or plenary, requested for the alleged incapacitated person;
(5) state the names and addresses of the next of kin of the alleged incapacitated person, if known to the petitioner;
(6) state the name, residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve pursuant to the qualifications enumerated in F.S. 744.309 or, if a willing and qualified guardian cannot be located, state this fact in the petition;
(7) identify the relationship and any previous connection of the proposed guardian to the alleged incapacitated person;
(8) state reasons why the proposed guardian should be appointed.
(b) Considerations in appointment. The court may appoint any person who is fit and proper and qualified to serve pursuant to F.S. 744.309 and who meets the court’s considerations in appointment pursuant to F.S. 744.312.
(c)Notice. Notice of filing of a petition for appointment of guardian must occur contemporaneously with and in the same manner as notice of filing of a petition to determine incapacity as described in FPR 5.550.
(1) A copy of the petition and notice of hearing shall be served on the minor’s parents if the petition alleges that the incompetent is a minor and the petitioner is not a parent. If a parent of the minor is the petitioner or proposed guardian, a copy of the petition and notice of hearing shall be served on the minor’s other parent, if living.
(2) If the petitioner requests appointment of the public guardian, a copy of the petition and notice of the hearing thereon shall be served on the public guardian.
Committee Note
Subsection (a)(4) of the former rule has been deleted altogether because the date and court of adjudication will probably not be known at the time of filing the petition for the appointment since petition for appointment will henceforth be filed contemporaneously with the petition to determine incapacity.
RULE 5.590' APPLICATION FOR APPOINTMENT
The application for appointment as guardian pursuant to F.S. 744.3125 shall be filed before the court issues letters of guardianship.
’ RULE 5.590 reactivated with different title and text.
RULE 5.600 OATH
Every guardian shall take an oath to perform faithfully the duties of guardian before exercising such authority. The oath may be incorporated in the petition for appointment of guardian if verified by the prospective guardian individually.
RULE 5.610 EXECUTION BY GUARDIAN
The guardian shall sign the:
(1) initial guardianship report, due within 60 days of appointment, and the annual financial returns;
*455 (2) initial and annual reports, and final accounting;
(3) petition for approval of resignation and for order of discharge; and
(4) any petition for court approval required by F.S. 744.441.
RULE 5.620 INITIAL GUARDIANSHIP REPORT: VERIFIED INVENTORY AND INITIAL GUARDIANSHIP PLAN
(a) Filing and service. Within 60 days after appointment, a guardian shall file with the court an initial guardianship report consisting of both a verified inventory and an initial guardianship plan. The initial report shall be served on the ward and the ward’s appointed attorney, either of whom may request hearing concerning the adequacy of the report.
(b) Contents of verified inventory. The verified inventory must include:
(1) a listing of all property of the ward, real and personal, that has come into the guardian’s possession or knowledge, including a statement of all encumbrances, liens, and other secured claims on any item, any claims against the estate, and any cause of action on which the ward has a right to sue;
(2) a description of the location of real and personal property sufficient to clearly identify its place;
(3) a description of all sources of periodic income, including, without limitation, social security benefits and pensions; and
(4) a copy of the most current statement of all of the ward’s cash assets from all institutions where the cash is on deposit.
(c) Safe deposit box inventory. If the ward has a safe deposit box, an inventory of the contents of the box must be included in the initial inventory. The inventory must be conducted according to the procedures outlined in F.S. 744.365(4).
(d) Substantiating papers. The guardian must maintain all substantiating papers and records sufficient to demonstrate the accuracy of initial and annual inventories for a period of 3 years after discharge and keep those papers available for inspection and review.
(e)Appraisals. When the court deems it necessary, appraisers may be appointed to appraise any property of the ward. The appraisal, if endorsed by the guardian, may be considered an inventory of that part of the estate so appraised.
RULE 5.630 PETITION AND NOTICE FOR APPROVAL OF ACTS
(a) Petition. When authorization or confirmation of any act of the guardian is required pursuant to F.S. 744.441 or F.S. 744.444, where a limited guardian has not been delegated a particular power listed therein by prior court order, application shall be made by verified petition of the guardian stating the facts showing:
(1) whether the act conforms to the general terms of the guardianship plan and whether the ward has been adjudicated incapacitated with respect to the rights to be exercised;
(2) the expediency or necessity for the action;
(3) a description of any property involved; and
(4) the price and terms of a sale, mortgage, or other contract.
(b) Notice. No notice of a petition to authorize sale of perishable personal property or of property rapidly deteriorating shall be required. Notice of a petition to perform any other acts under F.S. 744.441 or F.S. 744.446 shall be given to the ward, to the next of kin, if any, and to those interested persons who have filed requests for notices and copies of pleadings as required elsewhere in these rules.
(c) Order. After the hearing upon the petition, if the act is authorized or confirmed, the order shall describe the property, if a sale or mortgage is authorized, and
(1) if the property is authorized for sale at private sale, the order shall fix the price and the terms of the sale, or
(2) if the sale is to be public, the order shall state that the sale shall be made to the highest bidder and the court reserves the right to reject all bids.
An order for any other act requiring a court order shall describe the permitted act *456 and authorize the guardian to perform it or confirm its performance.
RULE 5.640 CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE OF WARD
(a) Continuance of business. When the ward is adjudicated incapacitated while engaged in any unincorporated business venture, the court may authorize the guardian to continue the business or venture for a reasonable time under the supervision of the court.
(b) Petition. Before an order is made under paragraph (a), the guardian shall file a verified petition, alleging sufficient facts to make it appear that it is in the best interest of the ward’s estate to continue the business or venture.
(c) Order. The order authorizing the continuance of the business or venture may empower the guardian to make contracts necessary to conduct the business or venture and to incur debts and pay out money in the proper conduct of the business or venture. The net profits only of the business or venture are to be added to the assets of the ward’s estate.
(d) Accounts and reports. In the conduct of the business or venture, the guardian shall keep full and accurate accounts of all receipts and expenditures and make reports as the court requires.
(e) Discontinuance of business. Any person interested in the ward’s estate, at any time, may petition the court for an order requiring the guardian to discontinue and to wind up the business or venture, and the court, after notice to the guardian, shall enter such order thereon as is in the best interest of the ward’s estate.
RULE 5.650 RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR
(a)Resignation. A guardian may petition for approval of his resignation. The order shall relieve him of his guardianship duties and obligations after notice as the court may require and notice to the surety on his bond. Before entry of the order, the guardian shall file an accounting and deliver to the successor guardian the property of the ward and all records. The court shall be satisfied that the interest of the ward will not be placed in jeopardy by the resignation before entering the order. The acceptance of the resignation shall not exonerate the guardian or his surety from any liability previously incurred.
(b) Disqualification. Any guardian who is improperly qualified, or who becomes disqualified to act after his appointment, shall immediately present his resignation to the court, and shall do any and all other things necessary or proper to procure an order approving such resignation, and if he does not do so, he shall be removed, as provided by law and these rules.
(c) Successor guardian. A successor guardian must be appointed and duly qualified before a guardian shall be relieved of his duties and obligations. A successor guardian shall be appointed if a guardian dies or becomes incapacitated.
RULE 5.660 PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) Notice. Proceedings for removal of a guardian may be instituted by a court, by any surety or other interested person, or by the ward, and the petition for removal of a guardian shall be served by formal notice on all guardians and other interested persons, including any next-of-kin.
(b) Accounting. A removed guardian shall file with the successor guardian, the ward, and the court an accounting of his guardianship within 20 days after his removal.
(c) Transfer of' property and records. The successor guardian shall, and the ward may, demand of the removed guardian or his heirs, personal representative, or surety all the property of the ward in the removed guardian’s control and all records with all money due the ward by him. The removed guardian or his heirs, personal representative, or surety shall turn over the items to his duly qualified successor.
(d) Failure to comply. If a removed guardian fails to file a true, complete, and final accounting of his guardianship, to turn over to his successor or to the ward all property of his ward and all records that *457 are in his control and that concern the ward, or to pay over to the successor guardian or to the ward all money due the ward by him, the court shall issue a show-cause order. If cause is shown for the default, the court shall set a reasonable time within which to comply, and, on failure to comply with this or any subsequent order, the removed guardian may be held in contempt. Proceedings for contempt may be instituted by the court, by an interested person, the ward, or by a successor guardian.
RULE 5.670 TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a) Change of domicile. When the domicile of a resident ward has been changed to a foreign state and the foreign court having jurisdiction over the ward at his new domicile has appointed a guardian of the property of the ward and the guardian has qualified and posted a bond in an amount required by the foreign court, the Florida guardian of the property of the ward may file his final accountings and close the Florida guardianship.
(b) Publication of notice. The Florida guardian of the property shall publish a notice once a week for two consecutive weeks in a newspaper of general circulation published in the county in which he has filed his accountings, that any objections should be filed within 30 days, and that application for discharge will be made on a day certain and that jurisdiction of the ward will be transferred to the state of foreign jurisdiction.
(c) Objections. If an objection is filed, the court shall hear the objection and enter such orders as appropriate.
(d) Distribution and discharge. On filing proof that the remaining assets in the guardianship have been received by the foreign guardian, the Florida guardian shall be discharged.
RULE 5.680 TERMINATION OF GUARDIANSHIP UPON REMOVAL OF WARD’S INCAPACITY, OR DEATH
(a)Termination procedure. When a ward becomes sui juris or the ward dies or is restored to capacity, or the guardian has been unable to locate the ward through diligent search, the guardian shall file a final return and petition for discharge. The court may require proof of the removal of incapacity.
(b) Final accounting. When the court terminates the guardianship under this rule, the guardian shall promptly file his final accounting. If no objections are filed and if it appears that the guardian has made full and complete distribution of the ward’s assets to the person entitled to them and has otherwise faithfully discharged his duties, the court shall approve the final accounting. If objections are filed, the court shall conduct a hearing in the same manner as provided for a hearing on objections to annual guardianship plans.
(c) Retaining funds. The guardian applying for a discharge is authorized to retain from the funds in his possession a sufficient amount to pay the final costs of administration, including guardian and attorneys’ fees, regardless of the death of the ward accruing between the filing of his final accounting and the order of discharge.
(d) Petition for discharge. The guardian applying for discharge shall do so by filing a petition for discharge and serving a copy of the petition and notice of hearing on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next-of-kin of the deceased ward or such persons as the court may direct. The notice of hearing on the petition for discharge shall state a time certain, not less than 30 days after service, when the petition for discharge shall be heard and shall state that objection to the petition for discharge and the final accounting as provided for hereinabove may be filed in the court before the hearing. Any sui juris person entitled to notice and a personal representative may waive the notice and hearing. If any objection is filed, the court shall hear the objection and enter its order thereon.
(e) Order of discharge. If the court is satisfied that the guardian has faithfully *458 discharged his duties and the interests of the ward are protected and the guardian has rendered a complete and accurate final accounting and has delivered the assets of the ward to the person entitled to them, the court shall enter an order of discharge. The discharge shall operate as a release from the duties of the guardianship and as a bar to any action against the guardian or his surety unless the action is commenced within 3 years from the date of the order.
RULE 5.690 ANNUAL GUARDIANSHIP REPORTS
(a) Contents and filing. The annual guardianship report shall be filed within 30 days after the last day of the anniversary month of the guardian’s appointment. The annual guardianship report must include the annual guardianship plan and the annual financial return in compliance with F.S. 744.3675 and F.S. 744.3678, and shall be served on the ward and the ward’s attorney, if any. The guardian shall provide a copy to any other person the court may direct.
(b) Substantiating papers. Substantiating papers shall not be filed with annual financial returns, but pertinent substantiating papers and records shall be available at the trial of objections to the annual financial return section of the annual guardianship report and the guardian shall maintain substantiating papers and records sufficient to demonstrate the accuracy of the annual financial return for a period of 3 years after discharge. These papers must be available for inspection and review at such time and place and before such persons as the court may order.
(c) Waiver. It is not necessary to file an annual financial return when a ward who has become sui juris, or the personal representative of a deceased ward, waives the filing thereof in writing. Notwithstanding a waiver, the court may require the filing of the accounting.
(d) Appearance of guardian. The court may require every guardian to appear before the court at the time the guardian files his annual return or at such other time as the court determines in order for the court to inquire as to any matter relating to the physical and financial well-being of the ward.'
RULE 5.700 OBJECTIONS TO ANNUAL FINANCIAL RETURNS
(a) Objections. After the filing of the annual financial return, a person interested as creditor, or otherwise, may file objections to any item in writing within 30 days after filing, or within 30 days after service of a copy when such service is required, specifying the grounds of objection. No item previously approved by the court on notice shall be subject to objection.
(b) Hearing. If objections are filed, the guardian or the objecting person, after the expiration of the time for filing objections and on reasonable notice to the other, may apply to the court for a hearing. After the hearing, the court shall enter an order sustaining or overruling the objections.
(c) Order. If no objection is filed to any annual financial return within the time for filing objections, the court shall examine the annual financial return and enter its order approving it or requiring proof of the items.
RULE 5.710 REPORT OF PUBLIC GUARDIAN
Within 6 months of the appointment of the public guardian as the guardian of a ward, the public guardian shall submit a report as required by F.S. 744.708(4) to the chief judge of the circuit and file a copy with the clerk.
RULE 5.800 APPLICATION OF REVISED CHAPTER 744 TO EXISTING GUARDIANSHIPS
(a) Compliance with statutory amendments. In all cases where an adjudication of incompetency has taken place under F.S. Chapter 744 prior to October 1, 1989, no re-adjudication hearing shall be required. Any guardianship established on or after October 1, 1989, must be in compliance with the Florida Guardianship Law as amended in 1989. With the filing of the annual guardianship report pursuant to F.S. 744.367, the guardian of a ward adjudicated before October 1, 1989, must demonstrate compliance with the statutory revisions through addressing any modifications *459 or limitations on the guardianship that might be required by current law.
(b) Nonresident guardians. Nonresident guardians appointed before October 1, 1989, shall not be automatically disqualified to serve and shall not be required to resign and initiate their own removal.
(c) Annual guardianship reports. Guardians appointed before October 1,1989, shall not file annual inventories on April 1, 1990, or any succeeding year but shall henceforth file annual guardianship reports within 30 days from the last day of the anniversary month of the ward’s adjudication of incompetency which shall henceforth be referred to as incapacity.
Committee Note
The committee adopted a position that guardians appointed before the effective date of the 1989 revisions to Chapter 744 should comply with all sections of the law that apply to future acts of the guardian. For example, all guardians will in the future file annual reports and will be responsible for the continuing well-being of their wards. The committee recognized a distinction between those actions that will necessarily occur on a continuing basis throughout the guardianship and those actions that happen at a particular moment in time but are not necessarily ongoing duties. There are two and only two specific examples to which the statutory reforms would not apply retrospectively if the above distinction is adopted. First, the initial adjudication of incapacity occurs only once in any guardianship. Although guardianships are reevaluated annually, the statute does not contemplate a complete re-adjudication procedure every year. Therefore, the committee concluded that the initial adjudicatory hearing need not be repeated for wards adjudicated incompetent before October 1, 1989. Second, as concerns nonresident guardians appointed before October 1, 1989, normally, a guardian is appointed only once at the beginning of the guardianship. While these nonresident guardians would be expected to obey all provisions of the law prospectively, they would not be required to initiate their own removal.
Original Proceeding — Florida Rules of Probate and Guardianship Procedures

. The Court wishes to express its appreciation to the members of the ad hoc committee whose names are listed below for their work in drafting these rules on short notice:
Judge Stephen L. Dakan, Chairman
Judge Moie J.L. Tendrich
Judge F. Dennis Alvarez
Robert W. Goldman
Leo Plotkin
Tom Walsh
Dawn Euringer
Dee Lawton
Blan Teagle

. Rule 5.015(b)(2), which is located in Part I of the rules, is also being amended to coincide with the provisions of new rule 5.550(c).

. Rule 5.590 formerly pertained to a different subject and was deleted as of January 1, 1989. The number is being reactivated for a different subject.